UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| P.D. by next friends,<br>CHRISTOPHER DOHSE and<br>KIMBERLY PITTARD<br>    Plaintiffs<br><br>v.<br><br>FORT BEND INDEPENDENT<br>SCHOOL DISTRICT,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION <u>4:25-cv-01772</u> |

### PLAINTIFFS' COMPLAINT FOR PREVAILING PARTY ATTORNEYS' FEES AND EXPENSES, PURSUANT TO IDEA

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, P.D, a minor by next friends, Christopher Dohse and Kimberly Pittard and bring this petition against Fort Bend Independent School District seeking to require the District to pay attorneys' fees and reimburse certain costs for the successful representation of Plaintiffs in an administrative hearing pursuant to the Individuals with Disabilities Education Act, and would show the Court as follows:

### PARTIES

1.1    Plaintiff P.D. is a resident and student within the Fort Bend Independent School District. P.D. is an eligible student with a disability under the *Individuals with Disabilities Education Act* ("IDEA"), 20 U.S.C. § 1400 *et seq.* Christopher Dohse and Kimberly Pittard, are the parents, guardians, and next friends of P.D. and reside within the Fort Bend Independent School District and within the Southern District of Texas. Plaintiffs were Petitioners in the administrative proceeding below.

1.2     Defendant, Fort Bend Independent School District is a public school district in the state of Texas situated and operating in the Southern District of Texas. The District is a recipient of federal funding pursuant to the IDEA. The Defendant District was, and continues to be, legally responsible for providing P.D. with a *Free Appropriate Public Education* as required by the IDEA and related federal regulations.  Defendant was the Respondent in the administrative pleading below.  Plaintiffs reasonably believe this Defendant may be served by and through their Counsel of Record in that cause; the Honorable Mr. J. Erik Nichols and Mr. Matthew Acosta, Attorneys with the Law Firm of SPALDING NICHOLS LAMP LANGLOIS, 3700 Buffalo Speedway, Suite 500 , Houston, Texas 77098.

## JURISDICTION, VENUE, AND NATURE OF THE ACTION

2.1     This action is brought pursuant to 20 USC § 1415(i)(3) for an award of attorney's fees. All administrative prerequisites to jurisdiction have been met. This court has jurisdiction of this matter pursuant to 20 USC § 1415(i)(3).

2.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

3.1     On October 19, 2023 Plaintiffs filed a request for an administrative special education due process hearing.

3.2     On February 21, 2025 Special Education Hearing Officer (SEHO) Kasey White issued a decision in Plaintiff's favor. The decision held that Defendant did not provide Student a FAPE during the relevant time period, and that her IEP was not reasonably calculated to address her needs in light of her unique circumstances. The Hearing Officer ordered a variety of remedies, including but not limited to: multiple independent educational evaluations of the Student, that the District shall convene an ARD Committee Meeting to review the evaluation and implement

any programmatic, training, and/or service recommendations and make any necessary modifications to Student's Individualized Educational Plan (IEP) and development of a Behvioral Intervention Plan (BIP). Further they were ordered to pay for private compensatory services for P.D. in the areas of reading instruction and social skills intervention.

3.3   Plaintiffs are the prevailing party under IDEA and entitled to their attorney's fees. 20 U.S.C. § 1415(i)(3)(B)(i)(II). Based on the Order, Plaintiffs attained a remedy that both alters the legal relationship between the school district and the handicapped child and fosters the purposes of IDEA. *D.C. v. Klein Indep. Sch. Dist.*, 860 F. App'x 894, 909 (5th Cir. 2021) Ordering the reimbursement of a private evaluation and ordering further private evaluations alter the legal relationship of the parties. *Ector Cnty. Indep. Sch. Dist. v. VB*, 420 F. App'x 338, 343 (5th Cir. 2011). Additionally, Hearing Officer White's order requiring Fort Bend ISD to provide compensatory relief and additional evaluations, constitutes "specific steps" to ensure that Student receive a free, appropriate public education, which also alters the relationship of the parties and fosters the purpose of IDEA. *Id.* Further, by obtaining an administrative order, Plaintiff's have satisfied the 5th Circuit's criteria to attain some judicial imprimatur on a material alteration of the legal relationship. *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.*, 806 F.3d 310, 313 (5th Cir. 2015).

3.4   A prevailing party may seek attorneys' fees for both the administrative due process proceedings and subsequent litigation in court. *I.W. by & through Karen K. v. Hardin-Jefferson Indep. Sch. Dist.*, No. 1:15-CV-332, 2017 WL 5644386, at *4 (E.D. Tex. Jan. 4, 2017).

## CAUSES OF ACTION

4.1   As a prevailing party, Plaintiffs are entitled to reasonable attorney's fees for the administrative matter pursuant to 20 USC § 1415(i)(3).

4.2    Plaintiffs are additionally entitled to reasonable attorney's fees and costs for bringing this action.

## PRAYER FOR RELIEF

5.1    Wherefore, Plaintiffs request that:

A.    The Court enter a judgment declaring Plaintiffs the prevailing party pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(I).

B.    The court enter a judgment against the Defendants awarding Plaintiff reasonable attorney's fees, costs, and interest for the time spent by their attorneys, Martin Jay Cirkiel and Julianna Swann, and their Paralegal Staff related to the filing and pursuit of the administrative due process hearing and in obtaining and enforcing the hearing officer's decision.

C.    The Court enter judgment against Defendant awarding Plaintiffs reasonable attorney's fees and costs for the prosecution of this action.

D.    That the Court grant to Plaintiffs all such and further relief to which Defendants may be entitled as a matter of law and equity.

Respectfully submitted,

/s/ Martin J. Cirkiel
Martin J. Cirkiel, Esq.
Cirkiel Law Group, P.C.
1005 West 41st Street, Suite 201
Austin, Texas 78756
telephone #: (512)244-6658
facsimile #: (512) 244-6014
Email: marty@cirkielaw.com; and

Julianna Swann, Esq.
Cirkiel Law Group, P.C.
1005 West 41st Street, Suite 201
Austin, Texas 78756
Telephone  (512) 244-6658

Complaint As Prevailing Party

Facsimile (512) 244-6014
Email: julianna@cirkielaw.com